The document below is hereby signed.

Signed: June 6, 2017



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| ARTHUR DOUGLAS STUBBS, | ) | Case No. 16-00261 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER RE TRUSTEE'S FINAL REPORT</u>

It strikes me that the trustee's Final Report requires the following two modifications, but within 21 days after entry of this order the trustee can file a motion to direct that these modifications, in whole or in part, are not required.

First, the Final Report shows $1,543.09 as paid to Mrs. Stubbs on January 26, 2017, per a settlement. That $1,543.09 was paid to Mrs. Stubbs pursuant to an asserted ownership interest, not as a creditor of the estate, and thus was a disbursement of property that the settlement treated as not being property of the estate. That $1,543.09 was erroneously included as part of the base upon which the trustee's commission was calculated, but it ought not have been because it was not a payment out of estate funds. *See In re Mkt. Res. Dev. Corp.*, 320 B.R. 841, 847 (Bankr.

E.D. Va. 2004).  That requires a reduction of the commission by
$77.15 (5% of $1,543.09).  In turn, that sum should be paid to
the Department of the Treasury - Internal Revenue Service ("IRS")
on its priority claim.

Second, the Final Report is puzzling because it shows that
after the proposed distributions are made $1,543.09 will remain
on hand without there being any proposed distribution of that
$1,543.09.  Those funds should be distributed in accordance with
11 U.S.C. § 726(a), namely, to the IRS on its priority claim.
The $1,543.09 (perhaps by happenstance) matches the $1,543.09
amount that was paid to Mrs. Stubbs per the settlement.  If the
proposed distributions in the Final Report reserved the $1,543.09
for payment to Mrs. Stubbs pursuant to the settlement, that was
an error: she was paid already.  In that event, as noted already,
the $1,543.09 should be disbursed to the IRS on its priority
claim.

In the meantime, pending a decision by the trustee regarding
whether to file a motion to set aside this order, it makes sense
that the trustee ought to be allowed to make distributions as
proposed by the Final Report except for funds that this order
directs are to be distributed in a different fashion.

It is thus

ORDERED that, except to the extent that the trustee shows
that the court should order otherwise by a motion filed within 21

days after entry of this order:

> (1) the trustee's commission is reduced by $77.15 and that $77.15 shall be paid to the IRS as an additional distribution on its priority claim; and

> (2) the proposed distribution under the Final Report is modified to require that the $1,543.09 listed as remaining funds (with no distribution thereof proposed) shall be paid to the IRS as an additional distribution on its priority claim.

It is further

ORDERED that the trustee may make distributions in accordance with the proposed distributions set forth in his Final Report except to the extent of funds that are to be distributed otherwise pursuant to the foregoing modifications.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.